UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sandeep Pabley, *et al.*,

    Plaintiffs,

v.                                                        Case No. 2:06-11862

Fusion Oil, Inc., *et al.*,                         Honorable Sean F. Cox

    Defendants.

_____/

## OPINION & ORDER

On April 20, 2006, Plaintiffs filed this action asserting a claim under the Petroleum Marking Practices Act, 15 U.S.C. §2802 *et seq*. and several other claims under state law. The matter is currently before the Court on the following motions: 1) Plaintiffs' Motion for Entry of Proposed Order; 2) Defendants' Emergency Motion to Set Aside Order Granting Plaintiffs' Third Emergency Motion to Hold Defendant Fusion and Hassan Harajli in Contempt for Failing to Deliver Fuel as Agreed and Ordered; 3) Defendants' Motion for Summary Judgment and/or to Set Aside Exparte Order for Escrowing Lease Payments; and 4) Plaintiffs' fourth motion for contempt. For the reasons set forth below, Plaintiffs' Motion for Entry of Proposed order shall be granted and Defendants' motion seeking to set aside the September 29, 2006 contempt order shall be denied. Defendants' Motion for Summary Judgment shall also be denied and Plaintiffs' fourth motion for contempt shall be denied without prejudice.

## BACKGROUND

Plaintiffs Sandeep Pabley, Tomy Mathew and John Uthup (collectively "Plaintiffs"), along with Jestine Jose ("Jose"), are partners that operate a gasoline station in Monroe,

1

Michigan. On December 16, 2002, Plaintiffs and Fusion Oil, Inc. ("Fusion") entered into a "Motor Supply & Marketing Agreement" ("the MSMA") for the gasoline station located at 15522 Telegraph Road in Monroe, Michigan ("the Monroe Station"). The MSMA governs the terms of the parties' relationship and their duties with respect to "the sale and purchase of products," particularly gasoline.

The parties and Jose had a prior lease dispute that was litigated in Monroe County Circuit Court in 2003. That dispute was settled pursuant to a written settlement agreement.

On October 1, 2003, Plaintiffs, Jose and Nationwide Properties, Inc. ("Nationwide") entered into a "Triple Net Lease and Option to Purchase Fuel Center" ("the Lease Agreement") for the Monroe Station. The Lease Agreement calls for rental payments of approximately $10,000.00 per month. Plaintiffs contend that the Lease Agreement gives them an option to purchase the Monroe Station.

Plaintiffs filed this action against Fusion, Nationwide, Elite Property Management, LLC ("Elite"), and Hasan Harajli ("Harajli") on April 20, 2006. Plaintiff's Amended Complaint asserts the following claims against Defendants: "Breach of Lease, Demand for Arbitration, and/or Specific Performance" (Count I); "Breach of the Motor Fuel Supply Marketing Agreement" (Count II); "Violation of the Petroleum Marketing Practices Act" (Count III); and "Violation of MCLA 440.1203, 440.1205 and the UCC" (Count IV).

This case was originally assigned to Judge Cohn. On May 30, 2006, Judge Cohn issued an "Order for Substituted Service and Escrow Account" in which he allowed for substituted service of Defendants and ordered "that Plaintiffs shall be permitted to place all future Lease payments money in an escrow account in a manner to be determined by Plaintiffs' counsel until

further ordered by the Court."  (5/30/06 Order).

On June 12, 2006, Judge Cohn issued a "Stipulated Order Regarding Ex-Parte Motion To Compel Fusion Oil To Continue To Distribute Fuel" in this matter that provides:

> Before the Court is the above referenced motion.  On June 12, 2006 the parties conferred and resolved the motion under the terms listed below:
> 1. The defendant shall with all reasonable dispatch deliver fuel to plaintiffs upon receipt of payment.
> 2. The defendant shall apply all credits owing to plaintiffs when invoicing plaintiff for delivery of said fuel.
> 3. That the parties will make an earnest effort to resolve disputes.
>
> SO ORDERED.

(6/12/06 Order).  Following entry of that order, however, Fusion stopped delivering fuel to Plaintiffs, prompting Plaintiffs to file two separate emergency motions seeking to hold Defendants in contempt for failing to abide by the June 12, 2006 Order.

This Court then held status conferences in this matter on August 30, 2006, and September 1, 2006.  During the conferences, counsel for the parties resolved, and placed on the record, a stipulation. After placing the stipulation on the record, counsel were instructed to provide the Court with the agreed upon written order.  The Court inquired about the order when it was not received as expected.  Counsel for Plaintiffs advised that he had prepared the order and submitted it to defense counsel for signature, but that he had been unable to obtain a signed copy from defense counsel.

On September 26, 2006, Plaintiffs filed their third emergency  motion seeking to hold Defendants in contempt for not delivering fuel as ordered by the Court and agreed to by the parties.

On September 27, 2006, the Court issued an "Order Regarding August 30, 2006 Status

Conference and Hearing Regarding Motions" in which the Court directed counsel to file motions for entry of order, and proposed orders for entry by the Court, that reflect the stipulation placed on the record on September 1, 2006.  (9/27/06 Order).

In the meantime, due to the emergency nature of the motion (*i.e*, that Plaintiffs' station cannot operate without fuel and Plaintiffs would be forced out of business if Defendants do not deliver fuel), the Court rescheduled Plaintiffs' third emergency contempt motion for hearing on September 29, 2006.  Defense counsel, who recently had undergone surgery, did not attend the hearing.  The Court granted Plaintiffs' motion, holding Fusion and Harajli in contempt, ordering them to deliver fuel as agreed, and assessing attorney fees of $2,940.00. (*See* 9/29/06 Order.)

On October 3, 2006, Plaintiffs filed a Motion for Entry of Proposed Order that attaches a proposed order.  (Docket Entry No. 35).

On October 10, 2006, Defendants filed "Emergency Motion to Set Aside Order Granting Plaintiffs' Third Emergency Motion to Hold Defendant Fusion and Hassan Harajli in Contempt for Failing to Deliver Fuel as Agreed and Ordered."  (Docket Entry No. 34).  In that motion, Defendants ask the Court to reconsider its contempt order.  On that same date, Defendants also filed "Defendants' Response and Objection to Plaintiff's Motion for Entry of Proposed Order Filed October 3, 2006 (DKT.#35)."  Despite its title, Defendant's motion does not assert any specific objections to the order proposed by Plaintiffs.

On October 17, 2006, Plaintiffs filed another motion in which they assert that Defendants have not yet paid the $2,940.00 in attorney fees to Plaintiff, and ask the Court to hold Defendants in contempt for an additional delay in the delivery of fuel.

## ANALYSIS

4

Four motions are currently pending before the Court in this matter. Each will be addressed separately below.

### I. **Plaintiffs' Motion for Entry of Proposed Order**

The Court ordered the transcript of the stipulation placed on the record on September 1, 2006, and presented it to counsel. As Defense Counsel agreed at the October 24, 2006 hearing, the proposed order submitted by Plaintiffs fully comports with the agreement placed on the record. Accordingly, Plaintiffs' proposed order will be entered by the Court.

### II. **Defendants' Emergency Motion to Set Aside Order Granting Plaintiffs' Third Emergency Motion to Hold Defendant Fusion and Hassan Harajli in Contempt for Failing to Deliver Fuel as Agreed and Ordered**

In this motion, Defendants essentially ask the Court to reconsider its prior contempt order. The Court is not persuaded that it should set aside the order and will therefore deny this motion. In addition, Defense Counsel acknowledged at the October 24, 2006 hearing that Defendants have not yet complied with the Court's order that Defendants pay attorney fees in the amount of $2,940.00. The Court will further order that the money must be paid to Plaintiffs' counsel, in a certified check or money order made payable to Plaintiffs or their counsel, no later than October 26, 2006 at 10:00 a.m.

### III. **Defendants' Motion for Summary Judgment and/or to Set Aside Exparte Order for Escrowing Lease Payments**

In this motion, Defendants assert that: 1) the escrow order must be set aside, and summary judgment granted in their favor, because the Court relied on a fraudulent document filed by Plaintiffs to grant that order; and 2) this Court lacks subject matter jurisdiction over this matter.

    A.    **Fraudulent Document.**

Defendants contend that the copy of the Lease Agreement attached to Plaintiffs' complaint is fraudulent and is not the actual Lease Agreement that the parties signed. Defendants attach what they claim is the real Lease Agreement signed by the parties, and note that unlike the copy submitted by Plaintiffs, it does not contain a provision giving Plaintiffs an option to purchase the Monroe Station. Defendants therefore contend there is no breach of the lease agreement by virtue of not letting them purchase the Monroe Station because Plaintiffs never had the right to purchase it.

In response, Plaintiffs contend that it is Defendants, not Plaintiffs, who are submitting a fraudulent document to the Court. Plaintiffs state that in the action in Monroe County they attached a copy of the Lease Agreement provided by Defendants. They state that they noticed later, however, that the copy Defendants gave them was not the copy they signed. Plaintiffs claim the copy they submitted is the actual copy signed by the parties. They claim the copy submitted by Defendants is a copy of the Lease Agreement that was altered by Defendants to remove the option to purchase, and changed other terms making them more favorable to Defendants.

At this stage of the proceedings (*i.e.*, before the close of discovery), there is a genuine issue of material fact as to which document is the original document signed by the parties. Therefore, Defendants are not entitled to summary judgment on this ground.

### B. Subject Matter Jurisdiction

Plaintiffs brought this action asserting federal question jurisdiction, as they assert a claim

under the Petroleum Marketing Practice Act, 15 U.S.C. §2802 *et seq*. ("the PMPA"). Plaintiffs also assert diversity jurisdiction.

Defendants assert that Plaintiffs intentionally neglected to name Jose, who is a party to the Lease Agreement, as a party in this action because he is a Michigan citizen and that would destroy diversity. Defendants assert that Jose is an indispensable party to this action because he is a signatory to the Lease and if not joined in this action, he could bring the same claims against Defendants at a later date.

Defendants also assert that the Lease Agreement has a provision that requires all disputes arising out of the Lease Agreement to be brought in Wayne County:

> 20.08 Any claim or controversy arising out of or relating to this Lease or a Breach hereof, shall be filed in Wayne County. The parties stipulate that both venue and jurisdiction shall be proper in Wayne County.

(Lease Agreement, Section 20.08)[1] Defendants contend, without citing any relevant authority, that based on that agreement by the parties, this Court must deny jurisdiction and dismiss this action.

As to federal question jurisdiction by virtue of the PMPA claim, Defendants contend that the PMPA only applies when there is an effort to terminate the relationship/lease agreement between the parties. Defendants do not cite any authority for that proposition. Defendants then assert that because Defendants have not terminated selling fuel to Plaintiffs, they state no claim under the PMPA.

In response to Defendants' Motion, Plaintiffs contend that Jose is not an indispensable

---

[1] Section 20.08 appears in both versions of the Lease Agreement. Thus, regardless of which version is the true Lease Agreement, it contains this section.

party, but that if the Court believes that he is, they request leave to file an amended complaint to add him as a party. Plaintiffs note that even if Jose is added, the Court will still have federal question jurisdiction because Plaintiffs have asserted a claim under the PMPA – that Defendants are constructively terminating Plaintiffs' franchise in violation of the PMPA. Plaintiffs further contend that venue provision is unenforceable under *Omne, Inc., v. Shacks, Inc.*, 226 Mich.App. 397 (1997).

The Court agrees the Michigan Supreme Court has rejected Defendants' contractual venue argument. In *Omne*, *Inc.*, the Michigan Supreme Court "granted leave to determine the enforceability of contract provisions establishing venue for causes of action that could arise after the contract is executed," and it concluded that such provisions are unenforceable. *Omne, Inc.*, 460 Mich. at 306.

Because he is a signatory to the Lease, however, the Court concludes that Jose is an indispensable party in this action. FED. R. CIV. P. 19 governs joining indispensable parties and provides, in pertinent part, that a person should be joined as a party if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." As Defendants note, if not made a party to this action, Jose could bring the same claims asserted in this action against Defendants at a later date. Plaintiffs will therefore be granted leave to file an amended complaint adding Jose as a party. Although adding Jose as a party will destroy diversity jurisdiction, federal question jurisdiction will still exist because

Plaintiffs have asserted a constructive termination claim under the PMPA.

Accordingly, Defendants' request to dismiss this action based upon a lack of subject matter jurisdiction shall be denied.

### C. Date Of Exercise Of Option To Purchase

At the October 24, 2006 hearing, Defense counsel asserted that even if the contract contains an option to purchase, by the contract's own terms, Plaintiffs failed to exercise that option within the time period provided. As Defense Counsel acknowledged at the hearing, that ground for relief was not included in Defendants' motion. The Court will therefore not consider that ground in deciding Defendants' motion. The Court notes, however, that Defendants can raise that issue following discovery.

Accordingly, Defendants' Motion for Summary Judgment shall be denied.

### D. Escrow Order

In connection with their motion, Defendants also request that the Court set aside the May 30, 2006 Escrow Order. At the October 24, 2006 hearing, counsel for Plaintiffs confirmed that Plaintiffs have not fully complied with the Escrow Order that they requested, and obtained, ex parte. While the Court is not satisfied that the May 30, 2006 Escrow Order should be set aside at this time, the Court believes that, under the circumstances, the $20,000.00 currently in the escrow account should be released to Defendants. The Escrow Order shall otherwise remain in effect until further order of the Court.

### IV. Plaintiffs' Fourth Motion For Contempt

On October 17, 2006, Plaintiffs filed their fourth[2] motion asking the Court to hold Defendants in contempt of court. In that motion, Plaintiffs assert that Defendants have not yet paid the attorney fees in connection with the Court's September 29, 2006 Order and ask the Court to award Plaintiffs an additional amount due to a subsequent delay in delivering fuel. The Court denies this motion without prejudice.

The parties are instructed that any future motions seeking to hold a party in contempt of Court shall be heard on December 6, 2006, if necessary. If either party intends to file a contempt motion it must be filed at least one week prior to the hearing date and the party filing the motion must identify a list of witnesses it will call to testify at the December 6, 2006 hearing, along with all exhibits. The Court fully expects both parties to work together in good faith so that no such motions will be necessary.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that:

1) Plaintiffs' Motion for Entry of Proposed Order [Docket Entry No. 35] is **GRANTED** and the proposed "Stipulated Order Regarding Delivery of Fuel" shall be issued by the Court;

2) Defendants' Emergency Motion to Set Aside Order Granting Plaintiffs' Third Emergency Motion to Hold Defendant Fusion and Hassan Harajli in Contempt for Failing to Deliver Fuel as Agreed and Ordered [Docket Entry No. 34] is **DENIED**. Defendants shall deliver a certified check or money order in the amount of $2,940.00, and made payable to Plaintiffs or their counsel, no later than October 26, 2006 at 10:00 a.m.

3) Defendants' Motion for Summary Judgment and/or to Set Aside Exparte Order for

---

[2] Plaintiffs label the motion as their third motion for contempt, but it is actually the fourth.

Escrowing Lease Payments [Docket Entry Nos. 10 &18]  is **GRANTED IN PART AND DENIED IN PART.**  Defendants' Motion for Summary Judgment is **DENIED.**  The Motion seeking to alter the Escrow Order is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs shall release $20,000 from the escrow account to Defendants in the form of a certified check or money order, made payable to Defendants or their counsel and delivered to Defendants' counsel, no later than October 31, 2006.  The Court's May 30, 2006 Escrow Order [Docket Entry No. 5] shall otherwise remain in place until further order of the Court.

4) Plaintiffs' fourth motion for contempt [Docket Entry No. 40] is **DENIED WITHOUT PREJUDICE**.  The parties are instructed that any future motions seeking to hold a party in contempt of Court shall be heard on December 6, 2006 at 3:00 p.m., if necessary.  If either party intends to file a contempt motion it must be filed at least one week prior to the hearing date and the party filing the motion must identify a list of witnesses it will call to testify at the December 6, 2006 hearing, along with all exhibits.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 25, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2006, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager

11